**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 01-60315
Summary Calendar
_____


AZZIE HENDERSON,

Plaintiff-Appellant,

VERSUS

UNITED PARCEL SERVICE, INC; ET AL,

Defendants,

UNITED PARCEL SERVICE, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
(1:99-CV-497)
_____
September 20, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

In this appeal, Henderson first contends that the district court abused its wide discretion by denying her Fed.R.Civ.P. 59(e) motion for reconsideration of the district court's order granting UPS's unopposed motion for summary judgment.[1]  Henderson argues

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1]Henderson does not appeal the actual grant of summary judgment in favor of UPS.

1

that the district court ruled on the motion for summary judgment too quickly because her newly retained counsel told the court he planned to file an amended complaint. However, Henderson had already missed the deadline to file an amended complaint by several months, and her counsel had not actually filed such a complaint. Thus, the district court did not abuse its discretion as a result of its timing in denying Henderson's motion for reconsideration of its grant of summary judgment.

Henderson next argues that the district court's findings regarding a potential Title VII claim were manifestly erroneous. Presumably, Henderson is arguing that, as a result of these allegedly erroneous findings, the district court abused its discretion by denying her motion for reconsideration. In her motion for reconsideration, however, Henderson expressly stated that she was not asserting a Title VII claim. Thus, the district court did not abuse its discretion in denying Henderson's motion for reconsideration based on these allegedly erroneous findings.

Finally, Henderson argues that the district court abused its discretion by denying her post-judgment motion to file an amended complaint, in which she attempted to assert a new cause of action. However, Henderson has not made the requisite showing that she "could not reasonably have raised the new matter prior to the trial court's merits ruling." Briddle v. Scott, 63 F.3d 364, 379 (5th Cir. 1995). Thus, Henderson has not demonstrated that the district court abused its discretion by denying her motion to file an amended complaint.

For the above reasons, the district court's judgment is AFFIRMED.